# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROMAN WALDRON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DIMENSION SERVICE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-3803<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**Preliminary Statement**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Pol. Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Roman Waldron brings this action under the TCPA alleging that Defendant Dimension Service Corporation ("Dimension") made automated telemarketing calls for purposes of promoting its goods and services without his prior express written consent.

3. The calls were also sent to individuals that were listed on the National Do Not Call Registry, including Mr. Waldron.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff, Roman Waldron, resides in New Hampshire.

7. Defendant Dimension Service Corporation is an Ohio corporation headquartered in this district.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. The Court has personal jurisdiction over the Defendant because its principal place of business is in this district.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district.

**TCPA Background**

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. [] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

15. Dimension sells vehicle service warranty contracts.

16. To sell these services, Dimension relies on telemarketing.

17. This telemarketing includes the use of prerecorded messages.

3

...

...

18. While such automated technology may save time and money for Dimension's telemarketing efforts, it violates the privacy rights of the Plaintiff and putative class.

Calls to the Plaintiff Waldron

19. Plaintiff Waldron is a "person" as defined by 47 U.S.C. § 153(39).

20. Mr. Waldron's telephone number, (217) 414-XXXX, is registered to a cellular telephone service.

21. Mr. Waldron's telephone number was on the National Do Not Call Registry when it was called by Dimension.

22. Mr. Waldron received multiple prerecorded calls from Defendant in February 2021.

23. The calls came from "spoofed" local caller ID numbers.

24. In other words, Dimension manipulated the number that appeared on Mr. Waldron's phone to make it appear like it was a local call.

25. Mr. Waldron ignored a series of calls.

26. When a call was answered, a prerecorded message regarding the purported expiration of an auto warranty was played.

27. However, the company was not identified in the prerecorded message.

28. Finally, to identify the calling party, Mr. Waldron engaged the telemarketer on February 25, 2021.

29. The Defendant's warranty services were offered on the call.

30. Indeed, to conclusively identify the party, Mr. Waldron received a warranty packet in the mail from the Defendant.

31. Mr. Waldron then wrote to Dimension to complain about the contacts.

32. Dimension did not respond.

33. The call invaded Plaintiff's privacy and intruded upon his right to seclusion.

34. Plaintiff did not consent to receive Defendant's calls prior to the receipt of the unsolicited conduct.

## Class Action Allegations

35. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

36. The class of persons Plaintiff proposes to represent is tentatively defined as:

> Robocall Class:   All persons within the United States to whom: (a) Defendant, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

37. Excluded from the class are counsel, the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The class as defined above is identifiable through phone records and phone number databases.

39. The potential members of the class are at least in the hundreds based on the automated nature of the marketing.  Individual joinder of these persons is impracticable.

40. The Plaintiff is a member of the class.

41. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using automated calls to contact putative class members' cellular telephones;

        b.        Whether Defendant placed calls without obtaining the recipients' prior express consent for the call; and

        c.        Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

42.        The Plaintiff's claims are typical of the claims of class members.

43.        The Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and counsel skilled and experienced in class actions, including TCPA class actions, represents him.

44.        Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.        The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Automated Call Provisions

46.        The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47.        Defendant's calls were made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

48. The Defendant violated the TCPA (a) by using a prerecorded voice to make calls to cellular telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

49. The Defendant's violations were willful and/or knowing.

50. The TCPA also authorizes injunctive relief, and the Plaintiff seeks injunctive relief prohibiting Defendant from calling telephone numbers using a prerecorded voice, absent an emergency circumstance.

## Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers using a prerecorded voice, absent an emergency circumstance;

B. Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3);

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class; and

D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: June 25, 2021

PLAINTIFF,
By his attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
misny@mmmb.com

Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com