**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **ROYAL SPURLARK,** individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 2:21-cv-3803 |
| v. | : : | Judge Edmund A. Sargus |
| **DIMENSION SERVICE CORPORATION,** *et al.* | : : : | Magistrate Judge Chelsey M. Vascura |
| Defendants. | : : : | |

**REPLY OF DEFENDANT DIMENSION SERVICE CORPORATION
IN SUPPORT OF MOTION TO DISMISS AND
TO DISMISS OR STRIKE CLASS ALLEGATIONS**

Despite already amending his Complaint to substitute a new plaintiff and previously obtaining discovery about the newly added defendants, Plaintiff's Opposition tacitly acknowledges the deficiency of the pleadings by alternatively seeking further leave to amend.  In so doing, Plaintiff improperly cites to proffered Affidavits from non-parties attesting to facts outside the four corners of the First Amended Complaint ("FAC").  Plaintiff's Opposition seemingly ignores his obligation to plead facts plausibly inferring any theory of vicarious liability against Dimension.  However, pleadings cannot consist only of labels and conclusions that are devoid of facts.  The FAC's pled facts only allow the Court to plausibly infer that AAP sold Dimension's products pursuant to a beneficial contractual relationship.  There is no basis to find a special agency relationship – i.e., Plaintiff pleads no facts that demonstrate that Dimension controlled the manner and means by which AAP conducted any alleged calling campaigns in violation of the TCPA.

Lastly, Plaintiff relies upon legal authority outside of the Sixth Circuit that is not controlling and not persuasive to try to salvage his class claim for injunctive relief, even though such relief is not

permitted by Rule 23(b)(2).  For the reasons explained in Dimension's Motion and this Reply, Plaintiff's

FAC should be dismissed as to Dimension.

> A. **Courts commonly dismiss TCPA complaints for failing to plead vicarious liability.**

Plaintiff's Opposition attempts to disclaim any obligation to plead vicarious liability with

the requisite specificity.  (Opp'n, PageID#157-58.)  However, *Twombly* and *Iqbal* hold that, for a

complaint to survive the pleading stage, the plaintiff must plead plausible facts sufficient to state

a claim.  As reflected in the numerous cases cited in the Motion and below, courts throughout the

country repeatedly affirm dismissal under Rule 12(b)(6) as proper where TCPA plaintiffs fail to

adequately plead vicarious liability: "Although the precise details of the agency relationship need

not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a

reasonable inference that an agency relationship existed."  *Pascal v. Agentra, LLC*, Case No. 19-

cv-02418-DMR, 2019 U.S. Dist. LEXIS 179359, at *8 (N.D. Cal. Oct. 16, 2019) (granting motion

to dismiss).[1]

Plaintiff cites to the 2013 FCC Ruling to argue that agency should not be addressed at the

pleadings stage.  (Opp'n, PageID#157, quoting *In re Joint Petition by Dish Network*, *LLC for

Declaratory Ruling*, 28 FCC Rcd. 6574 (2013).)  However, the Ruling does not envision an

outcome where the rules of pleading would be suspended on questions of vicarious liability.  To

the contrary, the 2013 FCC Ruling confirmed that a plaintiff must still "reasonably allege" that the

third party was an agent of the defendant.  2013 FCC Ruling, at ¶ 46, n. 139.

---

[1] *Also, e.g.*, *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 680 (9th Cir. 2014) (affirming dismissal for plaintiff's failure to allege sufficient facts to support three theories of vicarious liability); *Naiman v. TranzVia LLC*, Case No. 17-cv-4813, 2017 U.S. Dist. LEXIS 199131, at *38 (N.D. Cal. Dec. 4, 2017) ("[P]laintiff has failed to adequately plead any of the three forms of agency necessary to support a claim of vicarious liability.").

Nor do the cases cited in the Opposition support Plaintiff's wide sweeping proclamation. Unlike the present facts, where the entity that placed the outbound call, AAP, is known and a defendant to the action, *Charvat v. LE Energy, LLC* involves a prerecorded call where the only identified entity was the named defendant.  No. 2:19-cv-1325, 2019 U.S. Dist. LEXIS 139601 (S.D. Ohio Aug. 19, 2019).  In such a scenario, the court correctly concluded that dismissing the only known caller at the pleading stage "would effectively eviscerate the protections afforded by the TCPA."  *Id*. at *7.  Such concern is not an issue here, where Plaintiff readily can, and does, identify the entity that placed the allegedly violative call.  Similarly, *Charvat v. Allstate Corp.*, involves a case where the plaintiff was transferred directly to a sales representative of the defendant-seller after hearing a prerecorded message.  29 F. Supp. 3d 1147, 1150 (N.D. Ill. 2014).

While those cases present a compelling rationale to extend liability to the defendants for the alleged phone calls (i.e., they are the only known parties associated with the call), no such circumstance exists here, as Plaintiff openly pleads AAP's alleged involvement and is freely prosecuting the action against AAP as the party directly liable.  As such, Plaintiff submits no compelling rationale or authority for this Court to bypass application of established pleading standards to the deficiencies of the FAC's vicarious liability allegations.

**B.    Plaintiff fails to plead a basis for the Court to plausibly infer classical agency.**

The Opposition's argument that Dimension can be liable on a classical agency theory relies on the incorrect premise that agency can be established through aspects of Dimension and AAP's relationship unrelated to AAP's calling practices.  (Opp'n at PageID#162 (identifying that AAP is required to "continue to service contracts it sold for Dimension," comply with the "underwriting, claims, guidelines and other procedures issued by [Dimension]," and "sell contract that "qualify per [Dimension's] guidelines," among others).)

3

As identified in the Motion, classical agency requires that the alleged principal controlled "the manner and means" of the calling campaign conducted.  (Mot. at PageID#130, quoting *Keating v. Peterson's Nelnet, LLC*, Case No. 1:11 CV 1775, 2014 U.S. Dist. LEXIS 64920, at *15 (N.D. Ohio May 12, 2014) (*aff'd* 615 Fed. App'x 365).)  In addition to this Sixth Circuit authority, numerous other courts have held that a party must control "the manner and means of all the calls made" to be a principal for TCPA liability purposes.  *Ewing v. Encor Solar, LLC*, Case No. 18-CV-2247-CAB-MDD, 2019 U.S. Dist. LEXIS 10270, at *17 (S.D. Cal. Jan. 22, 2019).  *See also Canary v. Youngevity Int'l, Inc.*, Case No. 5:18-cv-03261, 2019 U.S. Dist. LEXIS 46429, at *16 (N.D. Cal. Mar. 20, 2019) ("To establish vicarious liability for a TCPA violation, a plaintiff must allege facts to show that the defendant controlled the 'manner and means' *of the call*."), citing *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012) (emphasis added).

Properly looking at the FAC's allegations, we see the paucity of the allegations are insufficient to allow the Court to plausibly infer control over the manner of means of such calls. First, alleging the existence of a contract and that "Dimension maintained interim control over AAP's actions" are unrelated to the manner and means of calling, and are patently insufficient to establish agency.  As identified in Dimension's Motion, "an allegation of a beneficial contractual relationship alone is insufficient to establish agency," and simply alleging the legal element of "interim control" amounts to nothing more than a threadbare legal conclusion that must be rejected by the Court.  (Mot., PageID#130-31, *citing Masaebi v. Arby's Corp.*, Case No. 2:19-cv-5271, 2020 U.S. Dist. LEXIS 46228, at *6 (S.D. Ohio Mar. 17, 2020).)

Second, alleging that calls be directed to "approved geographic regions" fares no better because fails to implicate conduct potentially violative of the TCPA.  Tellingly, the Opposition fails to address authority cited in the Motion that is directly on point – the allegation that a

4

purported principal that "restricted the geography within which [the alleged agent] could" place calls is not sufficient to "allow the court to draw the reasonable inference that [the alleged principal] is vicariously liable for [the alleged agent's] alleged misconduct." (Mot., PageID#131-32, quoting *Naiman*, 2017 U.S. Dist. LEXIS 199131, *31-32.)

Although not pled, the Opposition argues that contractual provisions related to Dimension approving scripts and marketing materials demonstrate control necessary to find classical agency. (Opp'n, PageID#162.)  However, "control over the content of an advertising call, without more, is insufficient to plead vicarious liability."  *Canary*, 2019 U.S. Dist. LEXIS 46429, *16 (granting motion to dismiss).  In granting a motion to dismiss in another TCPA case, a court correctly reasoned that simply alleging that "direct[ing] the content of the telephone calls" is not tantamount to "show [the alleged principal] actually authorized [the alleged agent] to violate the TCPA." *Stark v. Stall*, Case No. 19-cv-00366-AJB-AHG, 2021 U.S. Dist. LEXIS 94503, at *8-9 (S.D. Cal. May 18, 2021) ("these facts do not support a theory that [the alleged agent] had actual authority to violate the TCPA on [the alleged principal]'s behalf.").  The FAC's similar allegations regarding scripting and marketing materials warrants a similar result, as the content of the alleged AAP calls has no bearing a potential violation of the TCPA's pre-recorded voice and do-not-call provisions.

The Opposition relies on the Seventh Circuit's *Bilek v. Fed Ins. Co.* decision, a case where the Plaintiff adequately pled vicarious liability to survive a motion to dismiss.  8 F.4th 581 (7th Cir. 2021).  A cursory review of that opinion, however, shows that *Bilek* addressed strikingly different facts than those present here.  Notably, the *Bilek* plaintiff pled that the purported agents were granted access to the seller's proprietary system such that the agents could provide individualized health insurance "quotes in real time," and further that the agents could directly "enter information into [the principal's] system." *Id*. at 587-88.  The allegation that the caller had

direct access to the purported principal's systems presents a key factor that distinguishes an agent from a mere seller of another's products.  In its 2013 Ruling, the FCC reasoned:

> apparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information.

*See* 2013 FCC Ruling, at ¶¶ 45-46.  No such allegations are pled in the FAC.

The *Bilek* decision's discussion of the more factually analogous *Warciak v. Subway* decision (discussed at Mot. PageID#131), demonstrates that *Warciak* provides the proper guidance to the allegations set forth herein; The *Bilek* court reasoned:

> Federal Insurance Company's telemarketing campaign is nothing like T-Mobile's text messaging promotion in *Warciak*.  *Warciak*'s allegations that T-Mobile simply promoted another business's products through its own channels is a common advertising arrangement, but it in no way suggests agency.  In direct contrast, Bilek's allegations that the lead generators called Bilek offering to sell him health insurance and quoted Federal Insurance Company's health insurance <u>using its proprietary and pricing information suggests that they were, in fact, acting on Federal Insurance Company's behalf.</u>

*Bilek*, 8 F.4th at 589 (emphasis added).  The FAC alleges a mere seller relationship akin to the relationship set forth in *Warciak* rather than the intimate real-time access to proprietary information in *Bilek* that could give rise to an inference of a special agency relationship.

The allegations set forth in the FAC, that a contract existed between AAP and Dimension, simply concluding that Dimension "maintained interim control" over AAP, and that AAP only called telephone numbers in approved geographic regions fail to permit the plausible inference that Dimension controlled the manner and means of the AAP's alleged TCPA violations.  As such, the FAC fails to plead the existence of classical agency.

C.    **Plaintiff Cannot Rely on Ratification.**

Plaintiff concedes that the failure to successfully plead an actual agency relationship is a predicate to allege vicarious liability through ratification.  (Opp'n, PageID#163.)  As such, a finding that FAC fails to plead classical agency warrants, in itself, rejection of ratification as a basis to extend vicarious liability to Dimension for AAP's alleged conduct for the reasons stated in Dimension's Motion.  (Mot., PageID#134-35, quoting *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577 (S.D. Ohio 2016).)

Additionally, Plaintiff alleges that the filing of the lawsuit by the predecessor plaintiff, Roman Waldron, suffices to put Dimension on notice that AAP was engaged in telemarketing in violation of the TCPA.  Mr. Waldron's subsequent decision to effectively dismiss his claim through his withdrawal as a party to the matter (ECF No. 14) underscores the deficiencies of his allegations. The mere existence of an allegation or even one or more lawsuits does not establish the existence or reasonable notice of an underlying TCPA violation.   As recently held, the existence of "approximately 100 TCPA actions" against cruise lines is insufficient to find that a cruise company was on notice that its telemarketer may be violating the TCPA.  *See McCurley v. Royal Sea Cruises, Inc.*, Case No. 17-cv-00986, 2021 U.S. Dist. LEXIS 17619, at *23 (S.D. Cal. Jan. 28, 2021).

As Plaintiff concedes, ratification is not available in the absence of an underlying agency relationship.  Because Plaintiff fails to plead the existence of an agency relationship, vicarious liability allegations of Dimension cannot be predicated on ratification.  Dimension respectfully submits that Plaintiff has failed to plead vicarious liability and it is entitled to dismissal of the FAC as asserted against it.

**D.  A Brief Opposing a Rule 12(b)(6) Motion Is Not the Proper Vehicle to Seek Leave to Amend.**

In a thinly veiled effort to improperly direct the Court outside of the four corners of the FAC, Plaintiff references two newly submitted declarations to alternatively seek leave to amend the FAC. (Opp'n, PageID#171 ("To the extent that the Court believes that Mr. Spurlark has not stated a claim, or is somehow an atypical class representative, an amended complaint should be permitted…").) The Sixth Circuit has held that such requests are improper:

> Had plaintiffs filed a motion to amend the complaint prior to the Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint …. Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (emphasis in original), quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).

Because Plaintiff has not moved for leave to amend or provided a proposed second amended complaint, the alternative relief and reference to evidence outside the pleadings is improper.

**E.  Striking Plaintiff's Rule 23(b)(2) class is proper because additional discovery will not cure the fact that monetary damages predominate.**

The Opposition speculates that additional discovery might reveal facts demonstrating the appropriateness of injunctive relief under Rule 23(b)(2).

Dimension respectfully submits that *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 248 (S.D. Ohio 2017) is directly on point and presents legal reasoning fully supported by Supreme Court precedent.  In *Progressive Health*, Judge Marbley cited *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) to illustrate that Rule 23(b)(2) does not permit class certification when each class member would be entitled to an individualized award of monetary damages.  He explained that

the TCPA authorizes money damages for each statutory violation, and that the plaintiff sought an individualized award of monetary damages for each violation.  Refuting the same argument Mr. Spurlark makes here, Judge Marbley noted that "no amount of discovery will show that these monetary damages are incidental to Plaintiff's injunctive claim" and struck the class claims.  The same rationale applies here – no amount of discovery will change the fact that Plaintiff seeks statutory damages of up to $1,500 for each alleged call, a substantial sum that is clearly not incidental to seeking injunctive relief

The three district court cases by Plaintiff, all outside the Sixth Circuit, do not compel a different result.  First, Plaintiff relies on *Fisher v. MJ Christensen Jewelers, LLC*, Case No. 2:15-cv-00358, 2018 U.S. Dist. LEXIS 36048 at *21 (D. Nev. March 6, 2018).  However, this case actually underscores Judge Marbley's correct analysis when it reasoned that a class could not be certified under Rule 23(b)(2), because "the monetary relief requested is more than incidental. Rather, damages are fundamental to Plaintiff's case. Thus, certification under Rule 23(b)(2) is not appropriate in this case." *Id*.

Likewise, in *Mauer v. Am. Intercontinental Univ., Inc*., the court expressed skepticism that a TCPA plaintiff could demonstrate that statutory damages did not predominate, but relied on a unique procedural vehicle, "divided certification," that has been adopted by the Seventh Circuit. Case No. 16 C 1473, 2016 U.S. Dist. LEXIS 121061 (N.D. Ill. Sept. 8, 2016).  Counsel for Dimension has found no instance where the Sixth Circuit or any district court herein has endorsed or utilized "divided certification."  As such, a procedural oddity unique to the Seventh Circuit does not justify deviation from Judge Marbley's well-reasoned opinion.

In *Fitzhenry v. Career Educ. Corp*., the court freely acknowledged that the only way a class may be maintained under Rule 23(b)(2) is when the main relief sought is injunctive or declaratory, and that money damages are only incidental.  Case No. 14-CV-10172, 2016 U.S. Dist. LEXIS 26244 (N.D.

9

Ill. March 1, 2016). However, in an about face, the court then declined to strike the Rule 23(b)(2) class claims without providing any analysis. *Id.*

The extensive statutory damages sought herein, which often exceed millions of dollars in TCPA class actions, demonstrate that monetary relief is not incidental to injunctive relief. Because discovery cannot cure this fundamental deficiency, Dimension respectfully requests that the Court strike Plaintiffs Rule 23(b)(2) class.

### F.   Plaintiff mischaracterizes his engagement of the calling party through a friend as an investigation.

Plaintiff describes his conduct in engaging the calling party and then having his friend provide his personal information to sign up for Dimension's warranty services as an "investigation." Citing to several cases taking note of similar misleading acts by other serial litigants, he posits that the Court should applaud his actions. Contrary to Plaintiff's contention, courts across the country do not applaud this type of behavior. In fact, a court in this district expressed concern over similar conduct in *Johansen v. Nat'l Gas & Elec. LLC*, Case No. 2:17-cv-587, 2017 U.S. Dist. LEXIS 208878 (S.D. Ohio Dec. 20, 2017). In that case, Judge Graham ultimately dismissed the plaintiff's TCPA claims because his lawsuit relied on a ruse in which he posed as an interested consumer and signed up to receive the defendant's energy services.

In any event, Dimension's Motion to Strike cites *Johansen v. Bluegreen Vacations Unlimited* not as a personal attack on Mr. Spurlark. Rather, Dimension points to the rationale of the *Johansen* decision, which discusses facts similar those pled in this case, to elucidate why Plaintiff's feigned interest in Dimension's warranty services makes him atypical with putative class members who do *not* want to spend time speaking to telemarketers.

**G.     Conclusion**

For the reasons explained herein, Defendant Dimension Service Corporation respectfully moves the Court to dismiss all claims against it with prejudice on the grounds that Plaintiff has not, and cannot, plead a basis for finding vicarious liability, or, alternatively, to strike all class claims asserted in Plaintiff's FAC.

Respectfully submitted,

*/s/ Helen Mac Murray*
Helen Mac Murray (0038782), Trial Attorney
Christopher C. Wager (0084324)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955 | Fax: (614) 939-9954
hmacmurray@mslawgroup.com
cwager@mslawgroup.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 13th day of January 2022, with the Clerk of the Court using CM/ECF.

*/s/ Christopher C. Wager*

11