UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROYAL SPURLARK,

        Plaintiff,

   v.

DIMENSION SERVICE CORPORATION,
*et al.*,

        Defendants.

Case No. 2:21-cv-3803
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

DIMENSION SERVICE CORPORATION,

        Crossclaim Plaintiff,

   v.

PELICAN INVESTMENT HOLDING, LLC
d/b/a AAP,

        Crossclaim Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant/Cross-Claim Plaintiff Dimension Service Corporation's ("Dimension") Motion for Default Judgment against Defendant/Cross-Claim Defendant Pelican Investment Holding, LLC d/b/a AAP ("Pelican") (ECF No. 74). For the reasons stated below, Dimension's motion is **GRANTED**.

### BACKGROUND

This case arises from alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff Royal Spurlark filed a lawsuit against Dimension, Pelican, and Gustav Renny alleging that he received messages from Pelican attempting to sell Dimension's products. (Compl.

at ¶¶ 31–32, 38, ECF No. 17.) Plaintiff alleged that these messages violated the TCPA.

On December 14, 2022, Dimension filed its cross-claim against Pelican. ("Cross-Claim," ECF No. 60.) The Cross-Claim sought indemnification for violations of the "Producer Agreement"—a contract between Pelican and Dimension regarding Pelican's duties to Dimension as a service provider. (*Id.*) The Producer Agreement required Pelican to comply with all laws in the course of providing services to Dimension, and it specifically required Pelican to comply with the TCPA. (ECF No. 74-1, at PageID # 520–21.) The Producer Agreement also has an indemnification provision, stating:

> [Pelican] shall indemnify and hold harmless [Dimension] and its affiliates, managers, officers, employees, agents, insurers and representatives from any and all third party claims, suits, damages, costs (including reasonable attorneys' fees and expenses), judgments or awards arising from [Pelican's] breach of this Agreement, failure to perform its responsibilities in accordance with this Agreement, or resulting from any negligent or wrongful acts, failures to act, representations, misrepresentations or omissions of [Pelican].

(*Id.*) Dimension alleged that Pelican was responsible for the TCPA violations at issue in this case and, therefore, Pelican was responsible for indemnifying Dimension. (ECF No. 60, at PageID # 474–75.) Dimension's three causes of actions are (1) that Pelican breached the Producer Agreement based on alleged TCPA violations; (2) indemnification under the Producer Agreement based on the same breach; and (3) common law indemnification based on Dimension's derivative liability for Pelican's acts and omissions. (*Id.* at PageID # 476–77.)

Since Dimension asserted its Cross-Claim, Pelican has wholly failed to engage in this case. Pelican's counsel of record received the Cross-Claim via the Court's electronic filing system. (ECF No. 60.) The Court subsequently granted Pelican's counsel's request to withdraw as attorneys in the case. (ECF No. 62.) The Court then ordered that Pelican should retain new counsel within thirty days and have said counsel enter an appearance in the case. (*Id.*) Pelican failed to

2

retain counsel, and the Court issued a Show Case Order as to why the Clerk should not enter default against Pelican as a sanction for failing to comply with the Court's order to retain new counsel. (ECF No. 64.) Pelican did not respond to the Show Cause Order, and the Clerk subsequently entered default against Pelican. (ECF Nos. 66, 67.) Similarly, Pelican failed to respond to the Cross-Claim. Cross Claimant Dimension then filed its Motion for Default Judgment, seeking damages constituting Dimension's settlement with Plaintiff Spurlark and Dimension's attorneys' fees. (ECF No. 74.) Because Pelican also failed to respond to Dimension's Motion, the Motion is ripe for the Court's review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Second, upon the Clerk's entry of default, the plaintiff must apply to the Court for a default judgment if its claims are not for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

## ANALYSIS

Dimension's three counts all seek the same damages through indemnification. Dimension's claims arise from Pelican's failure to indemnify Dimension in accordance with the Producer Agreement. This is, essentially, a breach of contract claim. *Bank One, Columbus, Ohio N.A. v. Fin. Ventures, LLC*, No. C2-01-0049, 2002 WL 484307, at *5 (S.D. Ohio Mar. 26, 2002). "In Ohio there are four main elements of a breach of contract claim: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the

3

plaintiff." *Id.* (citing *Thomas v. Publishers Clearing House, Inc.*, No. 00-3948, 2002 U.S.App. LEXIS 2069, *5 (6th Cir. Feb. 5, 2002)).[1] Dimension has established each element due to Pelican's failure to defend against Dimension's cross-claim.

Having reviewed Dimension's Motion, as well as the accompanying billing records and Settlement Agreement *in camera*, the Court finds that Dimension is entitled to the costs incurred in this case of $160,312.50, which constitutes both the cost of Settlement and Dimension's attorneys' fees.

## CONCLUSION

For the reasons stated herein, Dimension's Motion (ECF No. 74) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment for Dimension, with a total judgment of $160,312.50 against Pelican.

This case is to be closed on the docket of this Court.

**IT IS SO ORDERED.**


**12/20/2023**                          **s/Edmund A. Sargus, Jr.**
**DATE**                                **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to the Producer Agreement's "Governing Law" provision, this action is governed by Ohio law. (ECF No. 4-1, at PageID # 521.)